UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-879-GMB |
| CITY OF HOOVER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Plaintiff Tiffany Harris brings claims pursuant to 42 U.S.C. § 1983 and state-law claims[1] against the City of Hoover, Alabama, and Officer Scott Prentiss[2] arising from an incident involving Harris and Prentiss after a domestic dispute with her baby's father. Doc. 1-1.  The defendants removed this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama. Doc. 1.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

---

[1] The complaint does not clearly state which claims Harris brings against each of the defendants and also, at times, incorrectly references city police departments that are not parties to this case. *See, e.g.*, Doc. 1-1 at 5, 8 & 12.  In addition, the complaint does not clearly delineate between violations of federal or state law and certain claims include language from federal law, state law, or both without explanation. *See* Doc. 1-1 at 5–12.

[2] "'As a general matter, fictitious-party pleading is not permitted in federal court.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1318 n.4 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).  The court does not address any claims against defendants C, D, E, F, and G since they are not proper parties to this action. *See* Doc. 1-1 at 3.

Doc. 11.

The City and Prentiss each filed a motion to dismiss the claims against them. Docs. 4 & 5. The court ordered Harris' counsel to file a consolidated response to both motions (Doc. 6), but the response substantively addressed only the City's motion to dismiss. *See* Doc. 7. In addition, Harris' counsel did not sign the response as required by Federal Rule of Civil Procedure 11(a). *See* Doc. 7.

Instead of immediately deeming the claims against Prentiss to be abandoned, the court allowed Harris an additional opportunity to respond to his motion. Doc. 14. In addition to ordering Harris to file an amended response to Prentiss' motion, the court also required her counsel to file an additional copy of the response in opposition to the City's motion to dismiss that complied with Federal Rule of Civil Procedure 11(a). Doc. 14.[3]

In doing so, the court explained that it may deem the claims against Prentiss to be abandoned if Harris failed to file a response by the deadline or failed again to address any of the arguments set out in Prentiss' motion to dismiss. Doc. 14. Likewise, the court advised Harris that it may deem her claims against the City to be abandoned if she did not file a signed copy of her response. Doc. 14. Despite being given this opportunity to amend her response and resolve the deficiencies in her first

---

[3] The court also instructed Harris' counsel to make no substantive changes to the original response. Doc. 14.

filing, Harris did not act or otherwise respond.

Federal Rule of Civil Procedure 41(b) governs the involuntary dismissal of actions when a plaintiff fails to prosecute her claims or to comply with the Federal Rules of Civil Procedure or a court order. And "[u]nless the dismissal order states otherwise, a dismissal under [] subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

As detailed above, Harris was on notice that her failure to comply with the court's order could result in the dismissal of this action. *See* Doc. 14; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"). She nevertheless failed to file anything in response to the court's order, so the court now has the discretion to dismiss this action *sua sponte*. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (determining that although Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action on motion of a party, it does not prohibit the involuntary dismissal of an action on the court's own motion). Moreover, the "[c]ourt's authority to dismiss *sua sponte* for lack of prosecution is an inherent power, . . . necessarily vested in courts to manage their own affairs so as to achieve orderly an expeditious disposition of cases." *Id.* at 630–31.

However, the court is mindful that dismissal with prejudice is a harsh sanction

and is "'thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.'" *Meduty v. Ga. Dept. of Admin. Services*, 614 F. App'x 401–02 (11th Cir. 2015) (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005)).  The record reflects that Harris' counsel, not Harris herself, neglected to file a signed copy of the first response or an amended response within the court's deadline, which expired one week before the entry date of this memorandum opinion.

In sum then, the court deems Harris' claims against the City and Prentiss to be abandoned due to her counsel's failure to respond by the deadline or to cure the deficiencies in her earlier filing.  However, because there is no record establishing Harris' own culpability, the court will dismiss the claims without prejudice.

The court will enter a separate final judgment.

DONE and ORDERED on October 11, 2023.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE